FILED
NOV 1 7 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tushkahumoc Xelup,

    Plaintiff,

v.     Civil Action No. 17-2049 (UNA)

State of Rhode Island *et al.*,

    Defendants.

## ORDER DENYING *IN FORMA PAUPERIS* MOTION

Plaintiff, appearing *pro se*, has filed a Verified Complaint against five States and an application to proceed *in forma pauperis* ("IFP"). Parties instituting a civil action are required to pay the applicable filing fee unless granted IFP status. *See* 28 U.S.C. §§ 1914, 1915. Section 1915(a)(1) states:

> Subject to subsection (b) [governing prisoner actions], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses.... Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Plaintiff claims to be exempt from the filing fee requirements as a "tribal Citizen of the Shakxiuma, Yamassee Tribes, Foreign National of the United States[.]" IFP Mot. at 6, Affidavit of Exempt Filing Fee Status. But he has cited nothing in the IFP statute to support that proposition, and "[a]bsent persuasive indications to the contrary, [courts] presume Congress says [in a statute] what it means and means what it says." *Simmons v. Himmelreich*, 136 S. Ct. 1843, 1848 (2016). Thus, if Congress intended to exempt tribal citizens from the filing fee

1

requirements, presumably it would have done so. *See, e.g.,* 28 U.S.C § 1916 (permitting "Seamen's suits" to proceed automatically without prepayment of the filing fee).

Because of his misguided premise, plaintiff has refused to provide the requisite financial information to permit a proper assessment of his eligibility to proceed IFP. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988) (in exercising its discretion to grant or deny an IFP application, "a court must examine the financial condition of the [IFP] applicant. This entails a review of other demands on [the applicant's] financial resources, including whether the expenses are discretionary or mandatory"); *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26, 2006) ("When determining if the person has met the § 1915(a)(1) standard of poverty, courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess.").

Accordingly, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is DENIED, and this civil action is DISMISSED without prejudice. Plaintiff may seek to reopen this matter by so moving and either tendering the $400 filing fee applicable to civil actions or submitting a proper IFP application.

_____
United States District Judge

DATE: November 9th, 2017